## 11373

## STATE v. HUTTO

(121 S. E., 259)

1. CRIMINAL LAW—CHARGE AS TO BURDEN OF ESTABLISHING DEFENSE HELD CORRECT.—In a murder prosecution, a charge that defendant must make out his defense of justification by the greater weight of the evidence, and, if there was doubt on the whole case, the jury must give defendant the benefit of that doubt, *held* correct..

2. CRIMINAL LAW—APPELLANT'S DUTY TO CALL TRIAL JUDGE'S ATTENTION TO MISSTATED ISSUE.—Where the trial Judge misstates the nature of the defense, it is the appellant's duty to call his attention to it.

3. CRIMINAL LAW—APPELLANT CANNOT COMPLAIN THAT TRIAL JUDGE GRANTED HIS OWN REQUEST.—Appellant cannot complain that the trial Judge in his charge adopted appellant's own request.

Before MEMMINGER, J., Bamberg, January, 1923. Affirmed.

Curtis Hutto was indicted for murder, convicted of manslaughter and he appeals.

*Messrs. S. G. Mayfield, E. C. Mann* and *W. C. Wolfe,* for appellant, cite: *Powers of policeman in making arrest:* 21 A. E. Enc., 2d Ed., 204; 13 R. C. L., 704, 826, 827, 874; 1 Hill 327; 1 S. C., 292; 80 S. C., 339. *Self defense:* 85 S. C., 67.

*Mr. R. L. Gunter, Solicitor,* and *B. D. Carter,* for the State, cite: *Charge must be considered as a whole:* 85 S. C., 234; 79 S. C., 128; 76 S. C., 94; 38 S. C., 346; 119 S. C., 120; 90 S. C., 290; 85 S. C., 240; 84 S. C., 209; 87 S. C.. 327; 99 S. C., 432; 118 S. C., 158. *Charge on law of retreat correct:* 73 S. C., 257; 85 S. C., 64; 109 S. C., 409; 116 S. C., 284; 119 S. C., 120. *General statement of the law is not error in absence of a request to modify:* 71 S. C., 444; 70 S. C., 148; 76 S. C., 116. *Party cannot complain of charge in absence of a request for a specific instruction:* 85 S. C., 64; 86 S. C., 64; 95 S. C., 441; 91 S. C., 201; 64 S. C., 311.

December 13, 1923. Petition for rehearing dismissed February 14, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant's argument states his case as follows:

"The appellant, Curtis Hutto, the Chief of Police of the city of Bamberg, was tried before Hon. R. W. Memminger, Circuit Judge, with a jury, at the January, 1923, term of General Sessions for Bamberg County, upon an indictment charging him with the murder of one Nat Z. Felder.

"The jury found him guilty of manslaughter with a recommendation to mercy; whereupon he was sentenced to imprisonment for three years; and from this judgment he now appeals to this Court.

"The appeal challenges the correctness of the charge of the presiding' Judge—nothing else.

"While there are four exceptions, only two practical questions are raised, to wit: (1) Did the presiding Judge charge the jury correctly in respect to the burden of proof in the case? and (2) Did the presiding Judge charge the jury correctly in respect to the rights of the appellant while acting in the discharge of his duty ·as an officer attempting to make an arrest?"

I. Did his Honor correctly charge the law? He did. He charged the jury that the defendant must make out his defense by the greater weight of the evidence; yet, if there was a doubt on the whole case, they must give the defendant the benefit of that doubt. The appellant complains that the defense was justification and not self-defense. If his Honor misstated the issue, it was incumbent on the appellant to call his Honor's attention to it. This assignment of error cannot be sustained.

II. Did the presiding Judge charge the jury correctly in respect to the right of the appellant while acting in the discharge of his duty, as an officer attempting to make an arrest?

His Honor charged the general rule as to self-defense and then charged the modification of that rule in the language of the defendant's request to charge.

The appellant certainly cannot make his own statement of the law and complain that the trial Court adopted his statement. This assignment of error cannot be sustained.

The judgment appealed from is affirmed.

Mr. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and COTHRAN concur.

Mr. JUSTICE MARION did not participate.